UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

v.

CRIMINAL NO. 09-20580

HONORABLE LAWRENCE P. ZATKOFF

D-1 CARLOS GRANA,

        Defendant.
_____/

**STIPULATED PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, BARBARA L. McQUADE, United States Attorney for the Eastern District of Michigan and PHILIP A. ROSS, Assistant U.S. Attorney, together with Defendant, CARLOS GRANA, by and through his attorney, JAMES BURDICK, ESQ., hereby submit this Stipulated Preliminary Order of Forfeiture:

1. WHEREAS, an Indictment was filed on December 14, 2009 which charged Defendant CARLOS GRANA with three counts of health care fraud in violation of Title 18 of the United States Code, Sections 1347, 1349, and 2;

2. WHEREAS, the Indictment contained Forfeiture Allegations seeking forfeiture of any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the health care fraud offense, pursuant to 18 U.S.C. §982.

3. WHEREAS, on March 16, 2010 the government filed a Forfeiture Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure to provide notice of specific property which the government intends to forfeit upon conviction pursuant to 18 U.S.C.

§ 982(a)(1)(A) and (7), namely:

    a. One Hundred Seventy Five Thousand Sixty-Two Dollars and Thirty-Nine Cents in U.S. Currency ($175,062.39.00) seized from Bank of America Account #005404859810 on October 28, 2009;

    b. Six Thousand Two Hundred Forty-Seven Dollars and Forty-Nine Cents in U.S. Currency ($6,247,49.00) seized from Bank of America Account #375000224197 on October 28, 2009;

    c. Fifteen Thousand Five Hundred Eighty-Two Dollars and Fifty-Five Cents in U.S. Currency ($15,582.55.00) seized from Bank of America Account #229009564030 on October 28, 2009;

    d. Nine Thousand Four Hundred Seventy-Eight Dollars and Twenty-Seven Cents in U.S. Currency ($9,478.27.00) seized rom Bank of America Account #229002675133 on October 28, 2009;

4. WHEREAS, on April 8, 2010, Defendant CARLOS GRANA entered into a Rule 11 Plea Agreement, pleaded guilty to Count 1 of the Indictment, and agreed to forfeit his interest in the property identified in subparagraphs 3a. through d., above;

5. WHEREAS, 18 U.S.C. § 982(a)(7) provides that a defendant convicted of a Federal health care offense shall be ordered to forfeit:

> [P]roperty, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

6. WHEREAS, Defendant CARLOS GRANA agrees that the above-named property constitutes, or was derived from, gross proceeds traceable to the commission of the

offenses to which the Defendant has pleaded guilty, and that it is therefore subject to forfeiture pursuant to 18 U.S.C. § 982(a)(7);

7. WHEREAS, Defendant CARLOS GRANA knowingly and voluntarily agrees to waive any claims or defenses he may have under the Eighth Amendment to the United States Constitution, including any claim of excessive penalty with respect to the forfeited assets, and agrees to waive any appeal for the forfeiture;

8. WHEREAS, Defendant CARLOS GRANA further agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or any further notification of any judicial or administrative forfeiture proceedings brought against said assets;

9. WHEREAS, Defendant CARLOS GRANA expressly waives his right to have a jury determine the forfeitability of his interest in the above identified personal property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure;

10. WHEREAS, with respect to the above identified personal property, Defendant CARLOS GRANA agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case;

11. WHEREAS, Defendant CARLOS GRANA agrees to release, remise and discharge Plaintiff, the United States of America, and any of its agencies involved in this matter, including but not limited to the Federal Bureau of Investigation, the United States Marshals Service, and the Department of Justice, including the U.S. Attorney's Office, and their agents, officers and employees, past and present, and any state and local law enforcement officers involved in this matter, from all claims or causes of action which Defendant CARLOS GRANA and his agents, officers, employees, assignees and/or

successors in interest have, may have had or may have on account of the events or circumstances giving rise to the seizure of and forfeiture action against the Defendant covered by the aforementioned Plea Agreement;

WHEREAS, Defendant CARLOS GRANA further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted;

NOW THEREFORE, based upon the foregoing and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and 18 U.S.C. § 982(a)(7),

IT IS HEREBY ORDERED that any right, title and interest of Defendant CARLOS GRANA has in the above listed personal property IS HEREBY FORFEITED to the United States for disposition in accordance with the law, and any right, title, or interest of his heirs, successors, or assigns, in said property IS HEREBY AND FOREVER EXTINGUISHED, more particularly as to:

a. One Hundred Seventy Five Thousand Sixty-Two Dollars and Thirty-Nine Cents in U.S. Currency ($175,062.39.00) seized from Bank of America Account #005404859810 on October 28, 2009;

b. Six Thousand Two Hundred Forty-Seven Dollars and Forty-Nine Cents in U.S. Currency ($6,247,49.00) seized from Bank of America Account #375000224197 on October 28, 2009;

c. Fifteen Thousand Five Hundred Eighty-Two Dollars and Fifty-Five Cents in U.S. Currency ($15,582.55.00) seized from Bank of America Account #229009564030 on October 28, 2009;

d. Nine Thousand Four Hundred Seventy-Eight Dollars and Twenty-Seven Cents in U.S. Currency ($9,478.27.00) seized rom Bank of America Account #229002675133 on October 28, 2009;

IT IS FURTHER ORDERED that, upon entry of this Order, the United States is hereby authorized to commence ancillary proceedings to adjudicate the rights of third parties in the above-listed property, if any, including giving notice of this Order;

IT IS FURTHER ORDERED that the United States shall publish notice of this Preliminary Order of Forfeiture and its intent to dispose of the property on the Government's forfeiture website (www.forfeiture.gov) for at least 30 consecutive days, in such manner as is consistent with the provisions of Fed. R. Crim. P. 32.2(b)(6) and Supplemental Rule G(4)(a)(iv)(C). The United States shall also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property. Said notice shall direct that any person asserting a legal interest in the property, other than Defendant CARLOS GRANA, may file a petition for ancillary hearing with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property. The petition must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

11. Following the Court's disposition of all third-party interests, if any, or if there are none, upon the expiration of the thirty day period in 21 U.S.C. § 853(n)(2) and upon proof of publication and notice to any persons known to have alleged an interest in the personal property, this order shall become the Final Order of Forfeiture pursuant to Fed.R.Crim.P. 32.2(c)(2). Thereupon, the United States shall have clear title to the personal property, and the United States Marshals Service, or its designee, will be authorized to dispose of the forfeited personal property in accordance with the law.

12. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the criminal judgment.

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary pursuant to Fed.R.Crim.P. 32.2(e)(3).

\\
\\
\\
\\
\\
\\

Approved as to form and substance:

BARBARA L. McQUADE
United States Attorney

/s/Philip A. Ross
PHILIP A. ROSS
Assistant United States Attorney
Asset Forfeiture Unit

Dated: July 15, 2010

/s/James W. Burdick
James W.Burdick
Attorney for Defendant

Dated: July 15, 2010

/s/Gejaa Gobena
Gejaa Gobena
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

Dated: July 15, 2010

/s/Carlos Grana (see attached signature page)
Carlos Grana
Defendant

Dated: July 15, 2010

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IT IS SO ORDERED.**

s/Lawrence P. Zatkoff
HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: August 10, 2010